IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER R. CARMICHAEL,

    Plaintiff,

    v.                                                      No. CV 10-0369 BB/RLP

UNITED STATES MARSHAL SERVICE, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's amended civil rights complaints (Docs. 9, 12) (together the "complaint"). Also before the Court is Plaintiff's motion for injunctive relief (Doc. 2). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to

pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff brings his claims on behalf of "every detainee (past and present and future) who are or have been locked down" and the complaint names a large number of Defendants. Plaintiff alleges that Defendants have confined him in administrative segregation, intercepted his legal mail, wrongfully restricted his access to counsel and courts, and confiscated certain religious items. In his motion for injunctive relief, Plaintiff also alleges that he has been denied medical treatment for a hernia condition and fears retaliation. He contends that Defendants' conduct has violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. The complaint seeks damages and injunctive relief.

First, Plaintiff may not prosecute claims of a class of inmates, no matter how meritorious the claims may be. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). And specifically, as here, "a pro se party may not represent a class under Fed. R. Civ. P. 23(a)(4), "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). The Court will dismiss Plaintiff's claims on behalf of other inmates at the facility.

The complaint makes factual allegations only against Defendants Frawner, E. Martinez, Orozco, and Ochoa. All the other Defendants are named as supervising corrections officers, owners or operators of the detention facility, municipal entities, or municipal officials. Plaintiff seeks to impose liability on these other Defendants on grounds that their status or position makes them responsible for the conduct of the four above-named Defendants. "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. . . . .

In short, the supervisor must be personally 'involved in the constitutional violation,' and a 'sufficient causal connection' must exist between the supervisor and the constitutional violation." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)). And a municipality or county will not be liable unless a policy or custom is the moving force behind the alleged violations. *See Martinez v. Montrose Sheriff's Dep't*, 12 F. App'x 837, 838 (10th Cir. 2001). Plaintiff makes no allegation of personal involvement of these other Defendants, and the Court will dismiss his claims against Defendants other than Frawner, E. Martinez, Orozco, and Ochoa.

No relief is available on Plaintiff's First Amendment claim of denial of access to certain religious articles. While prisoners retain the right to the free exercise of their religion, incarceration may impose reasonable limits on this right. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Makin v. Colorado*, 183 F.3d 1205, 1209 (10th Cir. 1999). Courts have upheld bans on incense, *see Childs v. Duckworth*, 509 F. Supp. 1254, 1264 (N.D. Ind. 1981), *aff'd*, 705 F.2d 915 (7th Cir. 1983); *Munir v. Scott*, 792 F. Supp. 1472, 1473 (E.D. Mich.), *rev'd on other grounds*, No. 92-1693, 1993 WL 465162, at **2 (6th Cir. Nov 10, 1993), and have limited access to other religious articles, *see Dettmer v. Landon*, 799 F.2d 929, 934 (4th Cir. 1986) (limiting unsupervised use of certain materials); *Munir*, 1993 WL 465162, at **2 (noting penological concerns in limiting use of religious oils); *cf. Portley-El v. Zavaras*, No. 99-1028, 1999 WL 542631, at *2 (10th Cir. July 27, 1999) (upholding restrictions on headwear). Plaintiff's allegations fall within these limited restrictions and thus do not support a First Amendment claim.

Last, Plaintiff's motion for injunctive relief does not identify a party responsible for the separate violations alleged therein. The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's claims on behalf of a purported class of inmates, and his First Amendment claim of violation of religious freedom, are DISMISSED; and his motion for injunctive relief (Doc. 2) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants United States Marshal Service, Management and Training Corp, O.C.P.F., County of Otero, City of Alamogordo, City and County Commissioners of Alamogordo/Otero County, Department of Public Safety for the City of Alamagordo, Ron Griggs, Clarissa McGinn, Martin Moore, FNU Soto, FNU Vigliante, M. Martinez, G. I. Gonzales, and S. Payne are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaints (Docs. 9, 12), for Defendants Frawner, E. Martinez, Orozco, and Ochoa.

_____
UNITED STATES DISTRICT JUDGE